# EXHIBIT A

Attorney(s): Held & Hines LLP
Index #: 720822/2021
Purchased/Filed: September 17, 2021
State of: New York
Court: Supreme
County/District: Queens



# AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Teofila Aquino

Plaintiff(s)

against

Target Corporation

Defendant(s)

STATE OF NEW YORK )
COUNTY OF ALBANY ) SS
CITY OF ALBANY )

**DESCRIPTION OF PERSON SERVED:**

Approx. Age: 60 yrs
Weight: 120 lbs   Height: 5' 1"   Sex: Female   Color of skin: White
Hair color: Brown   Other:

**Robert Guyette**, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on **September 22, 2021**, at **12:50 PM**, at the office of the Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:

**Summons & Verified Complaint**

on

**Target Corporation**

the Defendant in this action, by delivering to and leaving with **Nancy Dougherty** AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of **$40** dollars; That said service was made pursuant to Section **BUSINESS CORPORATION LAW §306**.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this

22nd day of September 2021

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2023

Robert Guyette

Invoice·Work Order # 2130434
Attorney File # 5344742

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
TEOFILA AQUINO,
                                                                    Index No.
                          Plaintiff,
                                                                    Date Purchased:
        -against-
                                                                    **SUMMONS**
TARGET CORPORATION,
                                                                    Basis of venue: CPLR § 503(a)
                          Defendant.
---------------------------------------------------------------X

To the above-named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a Notice of Appearance, on the Plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 16, 2021

                                                Respectfully Submitted,

                                                **HELD & HINES, LLP**

                                                /s/ Uri Nazryan
                                                Uri Nazryan
                                                2004 Ralph Avenue
                                                Brooklyn, New York 11234
                                                P: (718) 531-9700
                                                unazryan@heldhines.com
                                                *Counsel for Plaintiff*

Defendant's Address(es):

Target Corporation
8801 Queens Boulevard
Queens, New York 11373

Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
TEOFILA AQUINO,                                    Index No.

                      Plaintiff,                    **VERIFIED COMPLAINT**

   -against-

TARGET CORPORATION,

                      Defendant.
---------------------------------------------------------------X

       Plaintiff, Teofila Aquino, hereby files her complaint against Defendant, Target Corporation ("Target" or "Defendant"); and alleges as follows:

       1.    At all relevant times, Plaintiff was a resident of the State of New York, County of Queens.

       2.    Upon information and belief, at all relevant times, Target was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Minnesota.

       3.    Upon information and belief, at all relevant times, Target was authorized to transact business in the State of New York and did transact in the State of New York.

       4.    At all relevant times, Target owned and continues to own the real property known and designated as 8801 Queens Boulevard, Queens, New York 11373, including the Target store located thereat (hereafter, the "Premises").

       5.    At all relevant times, Target operated and continues to operate the Premises.

       6.    At all relevant times, Target maintained and continues to maintain the Premises.

       7.    At all relevant times, Target controlled and continues to control the Premises.

       8.    At all relevant times, Target supervised and continues to supervise the Premises.

       9.    At all relevant times, Target leased and continues to lease the Premises.

10. At all relevant times, Target occupied and continues to occupy the Premises and the Target store located at the Premises.

11. At all relevant times, Target had a non-delegable duty to Plaintiff and other members of the public to safely maintain, operate, supervise, control and inspect the Premises and the Target store located at the Premises. Target breached this duty to Plaintiff.

12. On or about March 23, 2021, in the Target store located at the Premises (hereafter, the "Subject Location"), Plaintiff was caused to trip, slip, stumble and fall due to a defective and negligent condition thereat.

13. Plaintiff's fall was directly and proximately caused solely by the negligence, gross negligence, and/or recklessness of Target—and its agents, servants, representatives, and/or employees—and through no fault of Plaintiff.

14. As a direct and proximate cause of Target's negligence, gross negligence, and/or recklessness, Plaintiff sustained serious personal bodily injuries, emotional and psychological injuries, economic injuries, out-of-pocket expenses, and other damages.

15. In creating and/or failing to remedy the defective condition, Defendant had constructive notice, and upon information and belief, actual notice, of the defective condition.

16. Defendant—and its agents, servant, representatives and/or employees—were negligent, grossly negligent, and/or reckless in the ownership, operation, supervision, maintenance, inspection, repair, enforcement, and control of the Subject Location and/or Premises; in the ownership, operation, maintenance, supervision and control of the Subject Location and/or Premises in a careless, wanton, and unsafe manner; in failing to ensure the safety, health and welfare of those persons making use of the Subject Location and/or Premises, including Plaintiff; in causing, creating, and/or allowing a dangerous and defective condition to exist at the Subject

Location and/or Premises; in causing, creating and/or allowing to remain a trip and/or slip hazard at the Subject Location and/or Premises; in failing to properly maintain and/or repair the defective condition(s) at the Subject Location and/or Premises that caused and/or contributed to the subject accident and injuries sustained by Plaintiff; in failing to remedy the defective condition(s); in failing to properly repair the defective condition(s); in failing to place barriers, signs or other warning devices around the Subject Location and/or Premises so that persons were aware of a trip hazard thereat and/or could safely traverse over same; in failing inspect the area of and/or near the Subject Location and/or Premises; in setting a trap for Plaintiff; in causing and/or creating the defective condition(s); in allowing a nuisance to exist and/or remain at the Subject Location and/or Premises; in failing to give Plaintiff warning or notice of the defective condition(s); in failing to use proper and reasonable materials in the construction, maintenance and/or repair of the Subject Location and/or Premises; in failing to rope off the area of and near the Subject Location and/or Premises; in having a custom and practice, either express or implied, that has the effect of placing persons in known perilous situations; in failing to have and maintain adequate lighting at the Subject Location and/or Premises; in negligently hiring, retaining, training, and promoting unqualified personnel to operate, supervise, maintain, repair, enforce, and control the Subject Location and/or Premises; in failing to provide Plaintiff with a safe place to walk at the Subject Location and/or Premises; in permitting the Subject Location and/or Premises to be and remain in an unsafe and dangerous condition so as to constitute a nuisance, menace, snare and/or danger to the life and limbs of the public in general and Plaintiff in particular; in failing to maintain and inspect the Subject Location and/or Premises in a reasonably safe condition by causing, creating and/or allowing the defective condition(s) to remain; in failing to timely remedy the defective conditions complained of herein despite notice thereof; in failing to make adequate and sufficient

inspections of and around the Subject Location and/or Premises in failing to exercise due care, diligence and prudence with regard to the Subject Location and/or Premises, all of which the defendant had notice of, or, in the exercise of reasonable care, should have had notice of; and Defendant—and its agents, servants, representatives, and/or employees—were otherwise negligent, grossly negligent, and/or reckless in the instance.

17. The limitations on liability set forth in CPLR §1601 do not apply to this action by reason of one or more of the exceptions set forth in CPLR §1602.

18. As a direct and proximate result of Target's negligence, gross negligence, and/or recklessness, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Target Corporation, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, together with any and all further relief that this Court deems just and proper.

Dated: August 16, 2021                     Respectfully Submitted,

**HELD & HINES, LLP**

/s/ Uri Nazryan
Uri Nazryan
2004 Ralph Avenue
Brooklyn, New York 11234
P: (718) 531-9700
unazryan@heldhines.com
*Counsel for Plaintiff*

## VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF )

**Teofila Aquino,** being duly sworn deposes and says:

That deponent is the plaintiff in the within action; that deponent has read the foregoing **Complaint** and knows the contents thereof, that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes them to be true.

_____
Teofila Aquino

Sworn to before me this 14
day of _____ 2021

_____
NOTARY PUBLIC

JOSE RODRIGUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RO5023639
Qualified in Queens County
My Commission Expires 05-21-2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
TEOFILA AQUINO,

                Plaintiff,

-against-                                Index No.

TARGET CORPORATION,

                Defendant.
-------------------------------------------------------------------X

**SUMMONS AND VERIFIED COMPLAINT**

HELD & HINES, LLP
Attorneys for Plaintiff
Office & Post Office Address
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700

                              Signature (Rule 130-1.1-a)


                              <u>/s/ Uri Nazryan</u>
                              Uri Nazryan

                              Dated: August 16, 2021